UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LARRY J. ANDERSON,

    Petitioner,

v.                                                     CASE NO. 5:10-cv-266-Oc-23PRL

WARDEN, FCC COLEMAN- MEDIUM,

    Respondent.
_____/

## ORDER

A prisoner at Coleman Federal Correctional Complex, Anderson petitions (Doc. 5) for a writ of habeas corpus under 28 U.S.C. § 2241. Anderson challenges his armed career criminal enhancement and claims that his predicate convictions do not qualify as "violent felonies" under 18 U.S.C. § 924(e), the Armed Career Criminal Act (ACCA).[1] The respondent argues (Doc. 16) that Anderson cannot demonstrate the threshold required for relief under the savings clause of 28 U.S.C. § 2255.

The indictment in *United States v. Anderson*, Case No. 94-cr-8125 (S.D. Fla.), charges Anderson with unlawful possession of one or more firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The United States filed a notice that the

---

[1] The ACCA requires the imposition of a minimum fifteen year term of imprisonment for a recidivist convicted of unlawful possession of a firearm under 18 U.S.C. § 922(g). Section 924(e) applies to a defendant who has three prior convictions for a violent felony or a serious drug offense.

United States would seek enhanced penalties under 18 U.S.C. § 924(e). A jury found Anderson guilty.

The United States Probation Officer determined that Anderson qualified for the enhanced penalty under 18 U.S.C. § 924(e). The Pre-Sentence Investigation Report identified four Miami, Florida, convictions that qualify as "violent felonies" – a 1985 conviction for manslaughter without a firearm, Case No. 84-6694; a 1990 conviction for attempted robbery with a firearm, Case No. 89-40488; a 1993 conviction for attempted burglary of a structure, Case No. 91-28891(B); and a 1993 conviction for attempted robbery, Case No. 91-33786(A).

The district court agreed that Anderson qualified for enhancement under the ACCA. (Sentencing Transcript, Doc. 18, Ex. 1)  Under the then-mandatory sentencing scheme, the district court sentenced Anderson to 327 months of imprisonment (the high end of the guideline range) and five years of supervised release. (Doc. 18, Ex.2)  The circuit court affirmed Anderson's conviction on February 11, 1997, and the Supreme Court denied certiorari on October 6, 1997. (Doc. 18, Ex. 4)  Anderson's motions under 28 U.S.C. § 2255 were denied. (Southern District of Florida Case Nos. 98-cv-8326, 00-cv-8067, and 05-cv-80939).

In this Section 2241 petition, Anderson challenges as predicates for his ACCA enhancement his 1984 conviction for manslaughter without a firearm and his 1993 conviction for attempted burglary of a structure. Anderson's challenge is based on the Supreme Court's decisions in *Begay v. United States*, 553 U.S. 137 (2008), and

*Johnson v. United States*, 559 U.S. 133 (2010).[2]  The respondent argues (1) that Anderson's argument falls short of the threshold showing required for the savings clause of 28 U.S.C. § 2255 and (2) that Anderson fails to establish a fundamental defect in his sentence because, despite *Begay* and *Johnson*, Anderson still qualifies for an ACCA sentence.

"When a federal inmate has had an opportunity to take a direct appeal from a conviction and sentence, and has also had an opportunity to seek collateral review under 28 U.S.C. § 2255, this Court lacks jurisdiction to entertain a subsequent petition challenging the sentence under 28 U.S.C. § 2241 except in one circumstance preserved by the 'savings clause' of 28 U.S.C. § 2255(e)."  *Burch v. Warden*, FCC Coleman-Medium, 5:11-cv-333-Oc-10PRL (M.D. Fla. 2013) (*citing Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011) (en banc); *Williams v. Warden*, 713 F.3d 1332 (11th Cir. 2013); *McKinney v. Warden*, 870 F. Supp. 2d 1351 (M.D. Fla. 2012) (appeal pending)).

Under the express provisions of 28 U.S.C. § 2255(e), "an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that . . . [the

---

[2] In *Begay*, 553 U.S. at 148, the Supreme Court held that a prior conviction qualifies as an Armed Career Criminal Act "violent felony" only if it involves "purposeful, violent and aggressive conduct."  In *Johnson*, the Supreme Court concluded that the Florida felony battery offense was not a "violent felony" under the "physical force" subdivision of the ACCA because Florida courts have held that the felony battery offense may be committed with proof of only slight, incidental physical contact.

sentencing court] has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." To maintain his present petition, therefore, Anderson must invoke the "savings clause" and must demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." Anderson fails because the challenge to his sentence is foreclosed by *Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1999):

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first § 2255 motion.

*But see Turner v. Warden*, 709 F.3d 1328, 1333-34 (11th Cir. 2013).

Anderson cannot meet the second and third prongs of the *Wofford* test because Anderson was not sentenced for a non-existent offense and Eleventh Circuit law did not foreclose Anderson's ACCA claim at sentencing, during the appeal, or during the pendency of his first Section 2255 motion. Anderson identifies no applicable Supreme Court decision that would open the door to relief under the savings clause. Anderson cannot proceed under Section 2255's savings clause and cannot utilize Section 2241 to circumvent the requirements of Section 2255.

Accordingly, the petition under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction. *Williams v. Warden*, 713 F.3d 1332 (11th Cir. 2013). Anderson's

allegations not specifically addressed were reviewed and are meritless. The Clerk is directed to terminate any pending motion and to close the case.

ORDERED in Tampa, Florida, on September 17, 2013.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE